Joseph T. Moldovan
David J. Kozlowski
Morrison Cohen LLP
909 Third Avenue
New York, NY 10022
Telephone: 212-735-8600
Facsimile: 212-735-8708
jmoldovan@morrisoncohen.com
dkozlowski@morrisoncohen.com

*Proposed Counsel for Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**S & A RETAIL, INC.,**[1]<br><br>Debtor. | Chapter 11<br>(Subchapter V)<br><br>Case No. 21-22174 (RDD) |
| In re:<br><br>**S & A DISTRIBUTION, INC.,**[2]<br><br>Debtor. | Chapter 11<br>(Subchapter V)<br><br>Case No. 21-22175 (RDD) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

The above-captioned debtors and debtors-in-possession ("**Debtors**"), hereby move ("**Motion**")[3] for entry of an order ("**Order**"), in a form substantially similar to that attached hereto as **Exhibit A**, pursuant to sections 101(2) and 105(a) of title 11

---

[1] Tax ID No. last four digits: 1261; mailing address: 334 S Buckhout St., Irvington, NY 10533.
[2] Tax ID No. last four digits: 5366; mailing address: 334 S Buckhout St., Irvington, NY 10533.
[3] Capitalized terms used herein, but not otherwise defined, shall have the meanings ascribed to them in the First Day Declaration.

#10166120 v2 \018600 \0035

of the United States Code ("**Bankruptcy Code**"), and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), directing the joint administration of their chapter 11 cases ("**Chapter 11 Cases**") for procedural purposes. In support of the Motion, Debtors rely upon and incorporate by reference the *Declaration of Bridgette Nally in Support of Chapter 11 Petition and First Day Relief* ("**First Day Declaration**"), which was filed with the Court concurrently herewith, and respectfully represent as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the Southern District of New York*, dated January 31, 2012. Debtors confirm their consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure ("**Bankruptcy Rules**"), to the entry of a final order by the Bankruptcy Court in connection with this Motion to the extent that it is later determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.  The statutory bases for the relief requested herein are sections 101(2) and 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b).

## BACKGROUND

4. On March 26, 2021, Debtors filed voluntary Petitions ("**Petition Date**") for relief under Subchapter V of Chapter 11 of the Bankruptcy Code. Under sections 1107(a) and 1108 of the Bankruptcy Code, Debtors are authorized and intend to continue to operate their businesses as a debtors-in-possession. No trustee has been appointed in these cases.

5. Debtors sell Geox branded footwear and apparel through wholesale and ecommerce distribution channels and at two retail locations in New York and Florida. Due to the worldwide COVID-19 pandemic, the retail locations closed pursuant to government-mandated shutdowns. One remains closed. The other, upon reopening, saw significantly decreased foot traffic. Debtors' wholesale relationships suffered similar declines. Debtors filed for bankruptcy relief in order to restructure their debt and operations, focus efforts on expanding their ecommerce footprint, and adjust their wholesale approach to emerge as a stronger and streamlined operation. A more fulsome description of the companies, their operations, capital and debt structure, and the events leading to these filings is set forth in the First Day Declaration.

## RELIEF REQUESTED

6. By this Motion, the Debtors seek entry of an order pursuant to sections 101(2) and 105(a) of the Bankruptcy Code and Bankruptcy Rule 1015(b), directing procedural consolidation and joint administration of their Chapter 11 Cases. Specifically, the Debtors request that the Court maintain one file and one docket for

the Chapter 11 Cases under the case of S & A Retail, Inc., and that these Chapter 11 Cases be administered under the following caption:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**S & A RETAIL, INC.,** *et al.*,<br><br>    Debtors. | Chapter 11<br>(Subchapter V)<br><br>Case No. 21-22174 (RDD)<br><br>(Jointly Administered) |

7. The Debtors also seek waiver of the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) that the case caption on pleadings and notices in these cases contain the name, tax identification number, and address of each Debtor, and any names used by each Debtor in the previous eight years. Debtors instead propose to include the following footnote to each pleading filed and notice mailed by the Debtors, listing the Debtors in these Chapter 11 Cases and the last four digits of their tax identification/registration numbers, as applicable, along with the address of the Debtors' corporate headquarters:

> The Debtors in these Chapter 11 Cases are S & A Distribution, Inc. ("**Distribution**") and S & A Retail, Inc. ("**Retail**"). The last four digits of the Debtors' federal tax identification numbers are: Distribution – 5366 and Retail – 1261. The Debtors' mailing address is 334 S Buckhout St., Irvington, NY 10533.

8. Additionally, the Debtors request that an entry be made on the docket of S & A Distribution, Inc. that is similar to the following:

#10166120 v2 \018600 \0035

4

An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration of the chapter 11 cases of: S & A Distribution, Inc., Case No. 21-22175 (RDD) and S & A Retail, Inc., Case No. 21-22174 (RDD) for procedural purposes only. The docket in Case No. 21-22174 (RDD) should be consulted for all matters affecting these cases.

9. Debtors also seek authority to file their monthly operating reports required by the Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees, issued by the United States Trustee for the Southern District of New York ("**U.S. Trustee**"), by consolidating the information required for each Debtor in one report that tracks and breaks out all of the specific information (e.g. receipts, disbursements, etc.) on a debtor-by-debtor basis in each monthly operating report.

## BASIS FOR RELIEF

10. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. As defined in section 101(2) of the Bankruptcy Code, the term "affiliates" constitutes, in pertinent part, an "entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities . . . ." 11 U.S.C. § 101(2)(A). The Debtors are "affiliates" as that term is defined under the Bankruptcy Code, as Debtors are sibling companies under the same Italian parent company, and both serve different functions as part of an integrated business enterprise. Accordingly, the Court is authorized under the Bankruptcy Code to grant the relief requested herein.

#10166120 v2 \018600 \0035

5

11.    Courts in this District routinely order joint administration in cases with multiple related debtors. *See, e.g., Hermitage Offshore Services Ltd.*, No. 20-11850 (MG) (Bankr. S.D.N.Y. Aug., 14, 2020); *In re Lakeland Tours, LLC, et al.*, No. 20-11647 (JLG) (Bankr. S.D.N.Y. July 22, 2020); *In re In re Jason Industries, Inc.*, No. 20-22766 (RDD) (Bankr. S.D.N.Y. June 29, 2020); *In re Frontier Commc'ns Corp.*, No. 20-22476 (RDD) (Bankr. S.D.N.Y. April 17, 2020); and *In re Hollander Sleep Prods., LLC*, No. 19-11608 (MEW) (Bankr. S.D.N.Y. May 22, 2019).

12.    Given the integrated nature of the Debtors' businesses, joint administration of these Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party in interest. As many of the motions, hearings, and orders in the Chapter 11 Cases will affect all Debtor entities, joint administration will allow the Court and key parties in interest to monitor the Chapter 11 Cases with greater ease and efficiency.

13.    Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Additionally, key parties in interest will benefit from the cost reductions associated with the joint administration of the Chapter 11 Cases.

14.    Finally, the Debtors submit that use of the simplified caption, without reference to the Debtors' tax identification numbers, addresses, and previous names, will eliminate cumbersome and confusing procedures and ensure uniformity of pleading identification. Other case-specific information will be listed in the petitions

#10166120 v2 \018600 \0035

for the respective Debtors and such petitions are publicly available and will be provided by the Debtors upon request. Therefore, the Debtors submit the policies behind the requirements of section 342(c)(1) of the Bankruptcy Code and Bankruptcy Rules 1005 and 2002(n) have been fully satisfied.

15. The Debtors submit that joint administration of these Chapter 11 Cases will significantly aid the efficient administration of the cases. Accordingly, the Debtors believe the relief requested herein is in the best interests of the Debtors, their estates, creditors, and all other parties in interest.

## NO PRIOR REQUEST

16. No prior request for the relief sought herein has been made to this Court or any other court.

## NOTICE

17. Debtors will provide notice of this Motion to the following parties and/or their respective counsel, as applicable: (i) the Office of the United States Trustee for the Southern District of New York, (ii) the Subchapter V trustee, (iii) Debtors' 20 largest unsecured creditors on a consolidated basis; and (iv) any such other party entitled to notice pursuant to Rule 9013–1(b) of the Local Bankruptcy Rules for the Southern District of New York or that requests notice pursuant to Bankruptcy Rule 2002. Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## LOCAL RULE 9013-1(A) STATEMENT

18. This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated and a discussion of their application to this Motion. Accordingly, Debtors submit that this Motion satisfies Local Rule 9013–1(a).

## CONCLUSION

WHEREFORE, the Debtors respectfully request entry of the proposed Order, in a form substantially similar to that attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as is just and proper.

| | |
|---|---|
| New York, New York<br>March 26, 2021 | */s/ Joseph T. Moldovan*<br>Joseph T. Moldovan<br>David J. Kozlowski<br>**MORRISON COHEN LLP**<br>909 Third Avenue<br>New York, NY 10022<br>Telephone: 212-735-8600<br>Facsimile: 212-375-8708<br>jmoldovan@morrisoncohen.com<br>dkozlowski@morrisoncohen.com<br><br>*Proposed Counsel for Debtors and Debtors-in-Possession* |

#10166120 v2 \018600 \0035